IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**HAYDN GABRIEL LOHSE,**
       **Plaintiff;**

V.                                                                  CASE NO.:_____

**UNUM LIFE INSRUANCE**
**COMPANY OF AMERICA,**
       **Defendant.**

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Haydn Gabriel Lohse (hereinafter "Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, Unum Life Insurance Company of America (hereinafter "Unum"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans. Here, this consists of Central Research, Inc.'s Accidental Death and Dismemberment policy (Policy No. 650371) (hereinafter the "Plan" and the "Policy," respectively); which was underwritten and/or managed by Unum for the benefit of employees of Central Research, Inc. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statue provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, i.e., administrative remedies, have now been exhausted by or on behalf of Plaintiff. See, Unum Claim No.: 17255741 and 17246780.

3. Venue is proper in the Eastern District of Texas pursuant to 29 U.S.C. 1132(e)(2) and/or 28 U.S.C. 1391 as the breach took place within the Eastern District of Texas.

## RELEVANT PARTIES

4. Plaintiff, Haydn Gabriel Lohse, is a resident of Bowie County, Texas. A substantial part of the events, transactions, and occurrences which are material to his claim took place in the Eastern District of Texas.

5. Defendant Unum is a Maine Insurance Company which has its principal place of business in Portland, Maine. Defendant Unum can be served with Summons and Complaint upon its Agent for Service, Central Research, Inc., at 122 N. Bloomington Suite 1, Lowell, Arkansas 72745-9632.

6. At all times relevant hereto, Plaintiff was the "beneficiary" of his brother, Jay Lohse's Group Life Insurance benefits and his Accidental Death benefits, as defined in 29 U.S.C. § 1002(8).

7. At all times relevant hereto, Jay Lohse was an "employee" of Central Research, Inc., that being his "employer", as those two terms are defined in 29 U.S.C. 1002(5) and (6).

8. At all times relevant hereto, Central Research, Inc. was the Plan Sponsor and Plan Administrator for the Plan; it was also plan sponsor administrator and/or a fiduciary for the Plan, as those terms are defined by 29 U.S.C. 1002 (16) and (21).

9. At all times relevant hereto, Defendant Unum was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary for the Plan; alternatively, or in addition, Unum was an administrator and/or a fiduciary for the Plan as those terms are defined by

29 U.S.C. §§ 1002 (16) and (21).  Here, it is apparent on the face of the record that Unum is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Unum has a financial conflict of interest/bias that may impact the standard of review used by the Court.

10. At the time relevant hereto, Defendant Unum acted as agent for the Plan and for Plan Sponsor/Plan Administrator Central Research, Inc.

11. Under the Plan, Central Research, Inc. delegated or assigned to Defendant Unum the claims-fiduciary and claims administrator duties for the Plan and under the Policy; i.e., decision-making on claims for benefits, decisions-making on appeals of denied claims; plus, upon information and belief, other administrative powers and duties for or under the Plan and the Policy.

12. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).  As an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualified as a "participant" as defined by 29 U.S.C. § 1002(7).

13. At all times relevant hereto, the Plan/Policy provided Accidental Death and Dismemberment benefits.

## STATEMENT OF FACTS

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. Jay Lohse was a full-time employee at Central Research, Inc.  He began his job with the company on January 7, 2019.

16. Jay Lohse passed away on November 27, 2019 in Bowie County, Texas as he was headed to see his family who resided in Bowie County to celebrate Thanksgiving.

17. As beneficiary of Jay's Life Insurance and Accidental Death and Dismemberment Policies, Plaintiff, Jay's brother, filed the necessary paperwork with Central Research, Inc. and Unum to claim Jay Lohse's policies.

18. On February 14, 2020, Unum sent Plaintiff a letter detailing the approval and payment of his brother's *Life Insurance* and the status of the group accidental death benefits.

19. In its February 14th letter, Unum stated it was waiting for medical examiner reports to complete its evaluation of Jay Lohse's *Accidental Death* claims and requested that Plaintiff provide an authorization form and all legal documents to assist in their evaluation.

20. Plaintiff complied with Unum's request and provided said documents on February 27, 2020.

21. On February 21, 2020, Unum then requested Plaintiff to submit a Statement of Medical Treatment form, authorization form, and all legal documents giving authority to release Jay Lohse's records.

22. Again, Plaintiff complied with Unum's request and provided said documents.

23. After a series of additional requests, Unum sent Plaintiff a letter denying Jay Lohse's Group Accidental Death Insurance benefits for the following reasons: "traveling in the wrong direction of the highway and hitting another vehicle along with not taking prescription medication according to the prescription or direction of his physician."

24. On February 9, 2021 Keil & Goodson, on behalf of Plaintiff, sent Unum an appeal refuting the denial of Jay Lohse's Group Accidental Death claims, which included additional evidence such as Jay Lohse's Enterprise RX pharmacy records, Walgreens insurance profile, and medical records.

25. On March 3, 2021 and March 5, 2021, Unum responded to Plaintiff's appeal and stated that based off of the "new information provided, [they] are in agreement that Mr. Lohse did have current prescriptions for hydrocodone/acetaminophen and promethazine with codeine."

26. In Unum's response to the appeal, Unum agreed with Keil & Goodson's analysis. However, rather than grant the appeal and rightly issue benefits to Plaintiff, Unum devised an alternative—and completely new—reason to deny the appeal. In this decision, it decided that the new reason for denial was that the *car accident*, which resulted in Jay Lohse's *death*, was not accidental and his death was instead "caused by and contributed to by both a disease of the body and the commission of a crime."

27. Keil & Goodson again appealed the fabricated denial and once again, Unum denied the appeal.

28. Therefore, Unum's internal appeals procedures have been exhausted and this suit follows.

29. Plaintiff has filed any and all notices and proofs of claim or loss that were condition precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

30. Under any ERISA standard of review that may apply, [1] the positions taken by Unum in denying this claim, viewed against the entire record as properly construed, cannot withstand judicial scrutiny. The review, analysis, and decision by Unum were wrong, as well as arbitrary and capricious, under the circumstances presented.

31. Further, Unum's denial of benefit must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See* 29 U.S.C. § 1133(2).

32. Plaintiff is entitled to Jay Lohse's Accidental Death and Dismemberment benefits as well

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame.

33. Based on the facts summarized above, and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered loss of monies, if not other/additional damages. Therefore, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT 1
### Wrongful Denial of Benefits to Beneficiary

34. Plaintiff realleges and reavers paragraphs 1 through 33 of the Complaint incorporating them by reference as if specifically restated.

35. Based on the facts summarized above, Plaintiff makes claim under ERISA § 502(a)(1)(B), 29 U.S.C. 1002(1) for the award of Jay Michael Lohse's Group Accidental Death Insurance benefits and any and all related benefits due; past, present, and future; pursuant to the Plan/Policy at issue. That is, this is an action by a beneficiary seeking recovery of benefits.

### COUNT 2
### Breach of Fiduciary Duty

36. Plaintiff realleges and reavers paragraphs 1 through 35 of the Complaint incorporating them by reference as if specifically restated.

37. Based on the facts summarized above, Plaintiff makes claim under ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3) for the award of Jay Michael Lohse's Group Accidental Death Insurance benefits and any and all related benefits due; past, present, and future; pursuant to the Plan/Policy at issue. That is, this is an action by a beneficiary seeking recovery of benefits.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant under ERISA for Defendant or its designee to pay to Plaintiff any and all Group Accidental Death Insurance benefits to which he was entitled and is still owed; or alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff is entitled and was never paid.

B. That the Court enter judgment in Plaintiff's favor for pre and post judgment interest.

C. That the Court award to Plaintiff his attorneys' fees and costs of action pursuant to ERISA. *See* 29 U.S.C. Section 1132(g).

D. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

E. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit and the Prayer for Relief. This includes without limitation the right to amend or supplement pleadings based on relevant evidence and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

    Respectfully submitted,

**KEIL & GOODSON, P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
TEL: 870/772-4113   FAX: 870/773-2967

By:   */s/ Matt Keil*
     **MATT KEIL**
     Texas State Bar No. 11181750
     E-Mail: mkeil@kglawfirm.com